Case 2:20-cv-00045   Document 25   Filed on 09/27/21 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
September 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALMA RODELA, § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> COMMISSIONER OF SOCIAL § <br> SECURITY, § <br> § <br> Defendant. § | CIVIL ACTION NO. 2:20-CV-45 |

## ORDER ADOPTING, AS MODIFIED, <br> AMENDED MEMORANDUM AND RECOMMENDATION

Plaintiff Alma Rodela filed this action to appeal the denial of her application for social security disability benefits. *See* D.E. 1, 12-3, pp. 16-27. Before the Court are the parties' competing motions for summary judgment. D.E. 19, 21. After reviewing the motions, United States Magistrate Judge Jason B. Libby issued his Amended Memorandum and Recommendation (M&R, D.E. 23), recommending that Rodela's motion be denied, the Commissioner's motion be granted, the Commissioner's determination be affirmed, and this case be dismissed with prejudice. Now before the Court are Rodela's objections to the M&R. D.E. 24. For the reasons discussed below, the Court OVERRULES Rodela's objections, ADOPTS AS MODIFIED the analysis of the M&R, DENIES Rodela's motion, GRANTS the Commissioner's motion, and AFFIRMS the Commissioner's decision.

### STANDARDS OF REVIEW

There are two questions in an appeal of the denial of disability benefits: "whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper

legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Rodela states a single overarching objection: that the administrative law judge's (ALJ's) determination of her residual functional capacity (RFC) is not supported by substantial evidence. D.E. 24, p. 1. Rodela does not deny that it is possible to interpret the record as providing substantial evidence to support the ALJ's decision. But she claims that both the ALJ and the Magistrate Judge discounted the medical opinions of Dr. Anthony P. Montez and Dr. Christopher L. Klaas in a manner contrary to legal standards. And that error cannot be corrected without remanding to allow the ALJ to reweigh the evidence—under proper standards—in the first instance.

### I. Alleged Violation of the Standards for Evaluating Medical Evidence

#### A. Weight of Treating Physician Opinions

As a preliminary matter, the Court notes that the Magistrate Judge incorrectly recited the weight to be given to treating physicians' opinions. He wrote that the opinions of treating physicians are accorded more, substantial, considerable, or controlling weight absent cause to discount those opinions. *See* D.E. 23, p. 26. Rodela,

who stands to benefit from this error, did not complain of it. Nonetheless, the Court corrects it as required by the standard of review.

The status of a doctor as a treating physician does not give greater weight to his opinions. This statement of the law is a change that took effect March 27, 2017. *Corbezzolo v. Wiley*, No. 4:20-CV-02150, 2021 WL 2673077, at *5–6 (S.D. Tex. June 29, 2021); *compare* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to medical opinions from your treating sources . . ." including "controlling weight"), *with* 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Because Rodela filed her claims for disability insurance benefits on September 27, 2017 (D.E. 12-6, p. 5–6), and for supplemental security income benefits on October 16, 2017 (D.E. 12-6, p. 7–10), the new rule applies.[1]

This error is harmless for two reasons. First, if the Magistrate Judge gave greater weight to a treating physician's opinion, that error was beneficial to Rodela's position and she cannot—and does not—assert that it was harmful error. Second, the M&R observed that even if given greater weight, the treating physician's opinion may be discounted on the basis of "statements which are brief or conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques or otherwise unsupported by evidence." D.E. 24, p. 26.

---

[1] "For claims filed (see § 404.614) on or after March 27, 2017, the rules in this section apply. For claims filed before March 27, 2017, the rules in § 404.1527 apply." 20 C.F.R. § 404.1520c.

This is consistent with the law that has always allowed the ALJ to consider controverting medical findings from other physicians. *See Corbezzolo*, 2021 WL 2673077, at *6; 20 C.F.R. § 404.1527; 20 C.F.R. § 416.927. The ALJ is to evaluate the opinions based on a number of factors, including: (1) supportability; (2) consistency; (3) relationship with the claimant; and (4) specialization. 20 C.F.R. § 404.1520c; 20 C.F.R. § 416.920c. The express terms of the regulations declare that supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); 20 C.F.R. § 404.1520c(b)(2). As detailed more fully below, applying the proper standard to the medical opinions in the context of the entire record, this Court finds no error in the ALJ's analysis or the Magistrate Judge's recommendation that the decision be affirmed. Indeed, the ALJ recited the correct current standard in her decision. D.E. 12-3, p. 23.

While Rodela couches her objections in terms of the standards to be applied to reviewing medical evidence, in fact her complaint is that she simply disagrees with the ALJ's conclusions. Her objections are addressed below in the terms she used to make her complaints.

**B. Dr. Montez's Opinion**

The ALJ found that Dr. Montez's opinion was not supportable or consistent with the controverting evidence.

**1. "Sketchy" Notes**

First, Rodela objects to the ALJ's characterization of Dr. Montez's notes as "sketchy." Citing *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007), Rodela argues that the

ALJ improperly applied her own lay standards to professional medical note-keeping, rather than recognizing the limited role of medical notes.

The *Orn* opinion held that "[t]he primary function of medical records is to promote communication and recordkeeping for health care personnel . . . not to provide evidence for disability determinations." *Id*. at 634. Rodela thus suggests that the treating physicians' conclusions need not be supported by their own records to be given full evidentiary weight. The *Orn* opinion does not apply in that manner for two reasons.

First, whether or not the supporting information was in the treating physicians' own records, the *Orn* record included sufficient reports from Orn's other health care providers, along with medical test results and laboratory findings, which supported those treating physicians' conclusions. *Id*. at 634. So the opinions were consistent with the health care record in its entirety. Second, the Ninth Circuit was reviewing the ALJ's decision in the context of the prior rule that gave significant weight to treating physicians' opinions. *Id*. at 634-35. As set out above, the thumb is no longer on the scale in support of treating physician opinions.

So the *Orn* opinion does not negate the current rule that allows the ALJ to test the treating physician's conclusions against his own records, particularly if nothing else in the record on appeal fills in those gaps in a manner consistent with his conclusions. Regardless of their "primary function" (as declared in *Orn*), Rodela is relying on the treating physicians' records as evidence to support her claim of disability. In that capacity, the ALJ's discussion limiting the evidentiary value of the records is not inconsistent with the legal standard applicable to a disability review.

The "sketchy" label was not determinative. As the ALJ set out in full, there were specific gaps in the notes that made room for them to be controverted by contrary evidence. The ALJ discussed numerous indications in Rodela's other medical records and the opinions of other medical professionals that contradicted the treating physicians' conclusions. D.E. 12-3, pp. 21-24. Thus, there is no error in finding Dr. Montez's opinions unpersuasive in comparison to the record as a whole.

### 2. Subjective Basis

Likewise, the Court rejects Rodela's argument that the ALJ unjustly criticized Dr. Montez's opinion as relying largely on Rodela's subjective complaints. The case that she cites, *Hemmingson v. Saul*, 1:19-CV-693-SH, 2020 WL 210811, at * 4-5 (W.D. Tex. Jan. 13, 2020), criticizes an analysis that considers only the physician's conclusions vis-à-vis the physician's own notes, suggesting that not all relevant clinical observations are or need to be noted. *See* D.E. 24, p. 2.

More specifically, in *Hemmingson*, the magistrate judge rejected as speculative the ALJ's criticism that the psychiatrist's opinion was based on subjective complaints. The ALJ had not relied on contrary medical opinions and the magistrate judge found the ALJ's critique to be insufficient to discount the extra weight accorded to treating physicians.[2] Also, because psychiatry is based largely on treating subjective complaints, there would be little reason for recognizing psychiatric disabilities if subjective complaints could not support disability decisions. *Id*. at *5.

---

[2] In *Hemmingson*, the application for disability benefits was filed in 2015 and the prior rule according greater weight to treating physician opinions applied.

Here, however, the ALJ was governed by the new rule that denies greater weight to treating physician opinions. And the ALJ casts doubt on the physician's conclusions because other parts of the case record contradict those conclusions and are more clearly based on objective facts. There is no error in the ALJ discounting the opinion in the face of contrary evidence.

### 3. Playing Doctor

Last, Rodela argues that the ALJ was "playing doctor" by making medical assessments without any medical expertise, which assessments were contrary to those of Dr. Montez. For this contention she cites *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir.1990)). That argument is unfounded.

While *Frank* and *Schmidt* generally stand for the proposition that the ALJ cannot make medical assessments on her own, that is not what the ALJ did in this case. Rather than arriving at her own diagnosis, the ALJ assessed the supportability and consistency of the competing medical diagnoses and chose to rely on that which best fit the record. This is the proper job of the ALJ. If the ALJ were not empowered to do this, there would be no way to resolve a contested case.

### C. Dr. Klaas's Opinion

Rodela criticizes the ALJ's treatment of Dr. Klaas's opinion because she (a) characterized it as "vague" and (b) treated it as internally inconsistent when no such inconsistencies exist. Rodela has not demonstrated any error.

### 1. Vague

Rodela argues that Dr. Klaas's opinion is not vague because he used terms that can be found in the Social Security Administration's Program Operations Manual Systems (POMS) DI 25020.010 Mental Limitations provision. But the ALJ's critique is not whether he used adequate psychological terminology. In determining that the opinion was vague, she explained: "That is, he opines the claimant has diminished resources for being able to get along with others. Yet, he does not express to what degree she can interact with others using **vocationally relevant terms**." D.E. 12-3, p. 25 (emphasis added).

In other words, Dr. Klaas did not relate Rodela's mental difficulties to specific types of jobs she could or could not perform. After reviewing the doctor's opinion, the Court agrees with the ALJ. *See* D.E. 12-8, pp. 93-96. RFC addresses not just whether a person has a disability, but whether that disability interferes with gainful employment. "When we assess your residual functional capacity, we will consider your ability to meet the physical, mental, sensory, and other ***requirements of work*** . . . ." 20 C.F.R. § 404.1545(a)(4) (emphasis added). Because Dr. Klaas did not address Rodela's ability to work any particular jobs, his opinion is vague in the context of a social security disability analysis.

### 2. Inconsistent

While the ALJ noted specific inconsistencies in Dr. Klaas's opinion, Rodela argues in a conclusory manner that no such inconsistencies exist. The Court has reviewed the psychological evaluation (D.E. 12-8, pp. 93-96) and notes that the ALJ's

recitations are accurate observations. Rodela does not explain how the listed inconsistencies are not, in fact, inconsistent.

### D. Conclusion

As demonstrated above, the Court finds that the Magistrate Judge was correct in recommending that the Court affirm the ALJ's decision. Rodela did not demonstrate error with respect to the ALJ's treatment of either of the physicians' opinions. And after a review of the decision and the relevant parts of the record, the Court concludes that the ALJ applied the correct standards to the evidence and that substantial evidence supports the unfavorable decision.

## II. Remedy

Because the Court concludes that the Magistrate Judge was correct to determine that Rodela did not demonstrate error in the ALJ's decision, the Court does not address whether the decision can be affirmed on substantial evidence grounds using a different assessment of the evidence or must be remanded for the ALJ's reconsideration.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, Rodela's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court OVERRULES Rodela's objections and ADOPTS AS MODIFIED the findings and conclusions of the Magistrate Judge. The Court GRANTS the Commissioner's motion for summary judgment (D.E. 21), DENIES Rodela's motion for summary judgment (D.E.

19), and AFFIRMS the Commissioner's decision (D.E. 12-3, pp. 13-27). This action is DISMISSED WITH PREJUDICE.

ORDERED this 27th day of September, 2021.

*[signature: Nelva Gonzales Ramos]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE